942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Terry L. GRANT, Defendant-Appellee.
 No. 90-30407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 28, 1991.
 
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals Terry Grant's sentence of eighteen months' imprisonment, imposed after Grant was convicted on a guilty plea for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States claims the district court erred by refusing to sentence Grant as an armed career criminal pursuant to 18 U.S.C. § 924(e). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3731, see United States v. Edmonson, 792 F.2d 1492, 1496-97 (9th Cir.1986), cert. denied, 479 U.S. 1037 (1987), and we affirm.
 
 
 3
 We review de novo a district court's interpretation of a statute. United States v. Arrellano, 812 F.2d 1209, 1211 (9th Cir.1987). The Armed Career Criminal Act ("ACCA") mandates that "person[s] who violate section 922(g) ... and ha[ve] three previous convictions ... for a violent felony ..." be imprisoned "not less than fifteen years." 18 U.S.C. § 924(e)(1). The Act defines a "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year ... that is burglary." 18 U.S.C. § 924(e)(2)(B)(ii). Congress, however, excluded from this definition "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B).
 
 
 4
 Section 17 of the California Penal Code provides:
 
 
 5
 (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
 
 
 6
 (1) After a judgment imposing a punishment other than imprisonment in the state prison.
 
 
 7
 Here, Grant conceded that he had been convicted earlier of two "violent felonies." The government argued that a 1976 California conviction for second degree burglary counted as a third predicate offense under the ACCA. For that offense, Grant had been sentenced, at the discretion of the state court, to one year in the Sacramento County Jail. The district court determined that the 1976 conviction was for a misdemeanor, not a felony, and that therefore, Grant could not be sentenced as a career offender. We agree.
 
 
 8
 California classified Grant's 1976 crime as a misdemeanor and authorized punishment of two years or less in prison. See California Penal Code, §§ 17 and 461. 18 U.S.C. § 921(a)(20)(B) expressly forbids a district court from counting a conviction of this sort to support imposition of an enhanced sentence under the ACCA. We hold, therefore, that the district court properly refused to sentence Grant as an armed career criminal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3